IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CRIMINAL NO.: 5:13cr22-RLV

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CONSENT ORDER AND |
| v. | ) | JUDGMENT OF FORFEITURE |
| | ) | PENDING RULE 32.2(c)(2) |
| (1) DENNIS WAYNE PARRIS | ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 982 and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

- A forfeiture money judgment for the amount of the gross proceeds of the offense to which Defendant pled guilty, provided, however, that the amount of the money judgment shall not exceed the sum of the value of the assets in the Scottrade account identified herein and the $80,000 cash payment identified herein;

- All assets in Scottrade Account XXX9901, such account held in the name of Dennis W. Parris; and

- $80,000 in funds to be delivered by Dennis W. Parris to the United States Postal Inspection Service or United States Marshals Service on or before issuance of this Consent Order, such funds forfeited as a substitute res for the real property at 17 Birkdale Way, Pinehurst, North Carolina ("the real property"). As agreed upon by Defendant, the Government, and Defendant's spouse, Rhonda Morgan Parris, upon payment of such funds by Defendant and waiver by Rhonda Morgan Parris of any and all claims to the assets in the Scottrade Account and the $80,000, the Government shall forego forfeiture of the real property in this criminal case or a civil forfeiture case, and shall forego placing a restitution lien on the real property or otherwise pursuing the real property in order to pay restitution in this case.

2. The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

4. A forfeiture money judgment shall be included in the Defendant's sentence, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation.

5. Except as otherwise provided herein, any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and request for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

7. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of Defendant's crime(s) herein and/or substitute property and are therefore subject to forfeiture pursuant to 18 U.S.C. § 982, 28 U.S.C. § 2461(c), and/or 21 U.S.C. § 853(p). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against Defendant. If the Defendant has previously submitted a claim in response to an administrative forfeiture

proceeding regarding any of this property, Defendant hereby withdraws that claim. If Defendant has not previously submitted such a claim, Defendant hereby waives all right to do so.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

BENJAMIN BAIN-CREED
MICHAEL SAVAGE
Assistant United States Attorneys

DENNIS WAYNE PARRIS
Defendant

PETER C. ANDERSON, ESQ.
Attorney for Defendant

I, Rhonda Morgan Parris, who hold title with my husband, Dennis Wayne Parris, to the real property identified herein, hereby waive any and all claim or interest that I may assert or have in the Scottrade Account and the $80,000 identified for forfeiture as a substitute res for the real property herein. Further, I acknowledge that I have been advised that Peter Anderson, counsel for my husband, cannot represent me in this matter and I have been provided the opportunity to obtain other counsel but have chosen to represent myself. _Rhonda Morgan Parris_ (Signature)

**SO ORDERED**

Signed this the 21st day of Oct., 2014

UNITED STATES DISTRICT JUDGE